**In re Jack G. MAKARI.**

**Appeal No. 83–960.**

United States Court of Appeals, Federal Circuit.

June 3, 1983.

Before MARKEY, Chief Judge, and MILLER and SMITH, Circuit Judges.

ORDER

MARKEY, Chief Judge.

Petitioner Jack G. Makari (Makari) seeks reconsideration of this court's May 5, 1983 denial of his April 28, 1983 petition for a

writ of mandamus directing the Commissioner: (1) to change the filing date of abandoned application Serial No. 75,454 from August 26, 1959, to August 4, 1959; or (2) to consider the merits of his petition filed July 27, 1982 in Application Serial No. 06/370,517. On reconsideration we dismiss the petition.

I.

On August 4, 1959, the Patent Office received Makari's application Serial No. 75,-454 ('454), accompanied by an oath taken before a postmaster. On August 12, 1959, the Application Branch of the Patent Office issued a "Notice of Incomplete Application", advising that the oath was defective.

Makari signed a new oath before a notary public, returned it to the Patent Office on August 26, 1959, and petitioned the Commissioner to grant his application a filing date of August 4, 1959. In an affidavit accompanying the petition, Makari stated that the Postmaster in Plainfield, New Jersey advised him that because the patent application was to be filed in an Office of the United States Government, the Postmaster was authorized to take his Oath and that it was not necessary for him to execute the papers before a Notary Public.

On February 2, 1960, Assistant Commissioner Crocker denied the petition because the original oath was not made before a "person within the United States authorized by law to administer oaths" under 35 U.S.C. § 115 and, therefore, the application received on August 4, 1959, was incomplete under 35 U.S.C. § 111. Makari twice requested reconsideration without success.

Pursuant to Crocker's decision, adhered to on reconsideration, the Office treated the '454 application as filed on August 26, 1959.

On December 11, 1964, Makari again petitioned the Commissioner to grant the '454 application a filing date of August 4, 1959, relying on 35 U.S.C. § 26.[1] Assistant Commissioner Reynolds denied that petition on March 22, 1965, stating that "Section 26 of Title 35 of the United States Code enacted March 26, 1964 was not retroactive and did not apply to papers filed during 1959."

Makari filed application Serial No. 925,-469 ('469) on July 9, 1978, the seventh application in a chain beginning with the '454 application. All six preceding applications are now abandoned.

The claims of the '469 application were rejected under 35 U.S.C. § 103 as unpatentable over an article authored by Makari and published in the *British Medical Journal* on August 9, 1958. According to Makari, that publication would not be available as a reference if the '454 application were granted a filing date of August 4, 1959.[2]

On August 31, 1981, Makari again petitioned the Commissioner to change the filing date of the '454 application.[3] On January 29, 1982, R. Franklin Burnett, Special Assistant to the Assistant Commissioner, dismissed the petition on two procedural grounds: (1) the petition was untimely under 37 C.F.R. § 1.181(f), providing that any petition "not filed within 2 months from the action complained of, may be dismissed as untimely"; and (2) under 37 C.F.R. § 1.184,[4] the issue of the correct filing date,

---

**1.** *§ 26. Effect of defective execution*

Any document to be filed in the Patent and Trademark Office and which is required by any law, rule, or other regulation to be executed in a specified manner may be provisionally accepted by the Commissioner despite a defective execution, provided a properly executed document is submitted within such time as may be prescribed.

**2.** Implicit in Makari's argument is the assumption that the rejected claims in the '469 application were adequately supported in the manner provided by 35 U.S.C. § 112, paragraph 1, in

each of the preceding applications. 35 U.S.C. § 120.

**3.** Between March 22, 1965, and August 31, 1981, Makari did not petition the Commissioner. He asserts that from 1966 through May, 1979, he attempted unsuccessfully to obtain Congressional passage of a private bill changing the filing date.

**4.** *§ 1.184 Reconsideration of cases decided by former Commissioners.*

Cases which have been decided by one Commissioner will not be reconsidered by his suc-

previously decided by two Assistant Commissioners, would not be reconsidered.

Makari petitioned the CCPA on August 31, 1982, for a writ of mandamus. While the petition was under consideration, Makari filed Application Serial No. 06/370,517 ('517) and abandoned the '469 application. The '517 application is a continuation-in-part of the '469 application. The CCPA dismissed the petition as moot.

Makari refiled the petition to the Commissioner in the '517 application on July 27, 1982. That petition is substantively identical with the August 31, 1981 petition.

On February 1, 1983, all claims of the '517 application were rejected under 35 U.S.C. § 103 in view of the Makari August 9, 1959 publication.

On March 23, 1983, Assistant Commissioner Tegtmeyer denied Makari's July 27, 1982 petition, observing that the 1982 Petition was identical to the 1981 Petition and saying "the decision on . . . [the 1981 Petition] dated January 29, 1982 remains appropriate and is incorporated herein by reference."

## II.

■ Our jurisdiction in relation to the Patent and Trademark Office is limited to review of decisions of boards established in that Office. We do not have jurisdiction to review decisions of the Commissioner on petitions. *In re Wiechert,* 54 CCPA 957, 969–70, 370 F.2d 927, 938, 152 USPQ 247, 255 (1967).

■ Under 28 U.S.C. § 1651(a),[5] the All Writs Act, this court may issue a writ to rectify an action that would otherwise frustrate our prospective jurisdiction. *Margolis v. Banner,* 599 F.2d 435, 440–41, 202 USPQ 365, 371 (Cust. & Pat.App.1979). Makari's reliance on *Margolis* is misplaced.

In *Margolis,* the examiner alleged that petitioners' application and another, commonly-assigned application of different inventorship contained conflicting claims, and required that the assignee: (1) name the prior inventor; and (2) limit the claims of the other application. On petition, the Deputy Assistant Commissioner ruled that petitioners' application was abandoned for failure to comply with the examiner's requirement.

On petition for a writ of mandamus, the court issued a writ to preserve its prospective appellate jurisdiction:

> The examiner's demands, under threat of abandonment, that petitioners do more than they did amounted to a de facto rejection of petitioners' claims. The subsequent ruling of abandonment by the Deputy Assistant Commissioner, precluding petitioners from an appeal to the Board of Appeals from the de facto rejection, clearly had the effect of frustrating this court's prospective appellate jurisdiction over an appeal from a decision of the Board of Appeals [Footnote and citations omitted]. *Id.* at 443, 202 USPQ at 372–73.

■ Here, issuance of the requested writ is not necessary or appropriate to aid or preserve our prospective appellate jurisdiction over an appeal from a decision of the board on the '517 application. All of the claims of that application stand rejected under 35 U.S.C. § 103. If the board affirms the rejection in whole or in part, Makari may appeal that decision to this court under 35 U.S.C. § 141.

Focusing on subject matter common to his 1958 publication and the '517 application, Makari argues:

> If petitioner here is denied the August 4, 1959 filing date, his own publication becomes a statutory bar which will prevent the Board of Appeals (and the CAFC) from considering the patentability of those claims which "read on" his publication.

cessor except in accordance with the principles which govern the granting of new trials.

5. *§ 1651. Writs*

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

If it were otherwise appropriate (a question we need not decide), the argument is here inapt. There are no claims in the '517 application rejected because they "read on" the 1958 publication. The basis of the rejection is 35 U.S.C. § 103, not § 102.

The petition is dismissed for lack of jurisdiction over the Commissioner's decisions on petitions and on the absence of a basis for application of the All Writs Act.[6]

6. In view of our holding, we do not reach Makari's arguments based on equitable considerations.