**In re Joseph W. NEWMAN, Petitioner.**

**Misc. No. 60.**

United States Court of Appeals,
Federal Circuit.

May 29, 1985.

408

John P. Flannery, II, Washington, D.C., for petitioner.

Fred E. McKelvey, Office of the Sol., U.S. Patent and Trademark Office, Arlington, Va., for respondent.

Joseph F. Nakamura and Thomas E. Lynch, U.S. Patent and Trademark Office, Arlington, Va., of counsel.

Before RICH, DAVIS and BALDWIN, Circuit Judges.

## ORDER

DAVIS, Circuit Judge.

Joseph W. Newman petitions for a writ of mandamus ordering the United States District Court, District of Columbia, to vacate that part of its order of October 31, 1984 which remanded his patent application to the Patent and Trademark Office (PTO) for expedited consideration. We deny the petition.

## BACKGROUND

On August 18, 1980, Newman filed an application for patent on an invention which he claims produces more electrical and other energy than the energy required to operate it. The application was assigned Serial No. 79,474 and was originally entitled "Electrical Energy Generating System Utilizing the Gyroscopic Actions of Electromagnetic Field Particles." The title was amended to "Energy Generation System Having Higher Energy Output than Input." Newman's application was initially rejected by the examiner on August 24, 1981.

Newman deleted and substituted various claims and submitted affidavits on the operability of his device. He also requested that the examiner come and view the device, which offer was refused.

On January 6, 1982, the examiner again rejected Newman's application as based upon a misdescriptive, insufficient and misleading disclosure under the provisions of 35 U.S.C. § 112 (first paragraph). The examiner's rejection was reaffirmed on July 1, 1982.

Newman appealed to the Board of Patent Appeals (Board). He requested that the Board permit him to demonstrate his machine, and that the Board reverse the examiner's decision (1) that he had not sufficiently described the device so that one skilled in the art could make or use it and (2) that his machine did not operate.

The Board found that Newman's disclosures were adequate to enable one skilled in the art to make or use the device, but ultimately rejected the application because it found the asserted function of his device was "impossible."

On January 3, 1984, Newman sued the Commissioner of Patents and Trademarks (Commissioner) in federal district court for the District of Columbia pursuant to 35

U.S.C. § 145 seeking *de novo* review of his application.

Following discovery, both parties moved for summary judgment. The district court appointed a special master, citing the substantial and contradictory submissions of record and the complicated issues of scientific and technical fact.

Newman's objections to appointment of a special master were overruled and the court appointed William Schuyler, a former Commissioner of Patents and Trademarks.

On September 28, 1984 the master filed his report, recommending, *inter alia*, a finding that the Board's rejection based on impossibility was clearly erroneous and a conclusion that Newman was entitled to a patent.

Both parties filed objections to the master's report and the Commissioner moved for an order rejecting the report. On October 31, 1984, the district court entered an order which (a) accepted in part the master's report; (b) remanded Newman's application to the Patent Office for expedited reconsideration, in light of the master's recommended finding and conclusion, before a different examiner; (c) directed the Commissioner to consider a requested amendment to Newman's application; (d) denied the Commissioner's motion for summary judgment without prejudice; (e) held Newman's cross motion in abeyance; (f) suspended proceedings in district court for 90 days; (g) scheduled a status conference for January 31, 1985; and (h) ordered Newman to pay the fees of the special master. Newman's motion to reconsider that part of the order remanding his application was denied on December 6, 1984.

On November 30, 1984, a new examiner rejected Newman's claims for: insufficiency of disclosure under 35 U.S.C. § 112(1); indefinitiveness under 35 U.S.C. § 112(2); inoperativeness under 35 U.S.C. § 101, and as unpatentable over the prior art, 35 U.S.C. §§ 102 and 103. The examiner also required that Newman construct working models and submit them to the National Bureau of Standards (NBS) for testing. In requesting the models, the new examiner indicated that Newman's previous models had been tested by individuals interested in the device, and that tests by disinterested parties were required.

At a January 31, 1985 status conference, Newman advised the district court that he would not comply with the requirement to submit a model to NBS for testing, and moved that the district court either accept or reject the report of the special master. Newman also moved for a ruling on his motion for summary judgment. Newman's motions were denied.

On February 28, 1985, Newman filed in the PTO a *pro se* response to the examiner's action strenuously contesting the conclusion that previous models had been tested by interested parties. He challenged the PTO's jurisdiction to order tests by NBS and contended that the requirement at this time constituted an abuse of discretion. On March 11, 1985, the PTO advised Newman that his response was non-responsive to its action of November 30, 1984. The PTO set May 30, 1985 as the date on which Newman must either submit the models or have his application considered abandoned.

At a March 14, 1985 status conference, the district court again held Newman's summary judgment motion in abeyance because there was a genuine issue of fact on whether Newman's machine was operable, an issue that might be resolved by the demonstration required by the PTO. The court further indicated that if Newman failed to make the requested demonstration, it would draw such inferences as would be permissible.

Newman moved for certification to this court of the propriety of its remand to the PTO, which motion the district court denied. The court set June 11, 1985 for a further status conference and final determination of pending motions, and Newman filed the present petition for writ of mandamus in this court.

## DISCUSSION

Writs of mandamus are to be used only in extraordinary circumstances

and when no meaningful alternatives are available. *Kerr v. United States District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). This court has the authority to issue the requested writ under the All Writs Act, 28 U.S.C. § 1651(a) (1976), where "necessary or appropriate in aid of" our jurisdiction. *Mississippi Chemical Corp. v. Swift Agricultural Chemicals Corp.*, 717 F.2d 1374, 219 USPQ 577 (Fed.Cir.1983). Under 28 U.S.C. § 1295(a)(4)(C), we have exclusive jurisdiction of an appeal from a decision of a district court in a case filed pursuant to 35 U.S.C. § 145.

■ The writ is not restricted to instances in which failure to issue it would preclude an appeal to the issuing court. *In re Mark Industries*, 751 F.2d 1219, 224 USPQ 521 (Fed.Cir.1984). Mandamus may be employed in exceptional circumstances to correct a "clear abuse of discretion or 'usurpation of judicial power'" by the trial court. *Banker's Life & Casualty Co. v. Holland*, 346 U.S. 379, 382, 74 S.Ct. 145, 147, 98 L.Ed. 106 (1953) (quoting *De Beer Consolidated Mines v. United States*, 325 U.S. 212, 217, 65 S.Ct. 1130, 1132, 89 L.Ed. 1566 (1945).

■ Before this court Newman contends that in remanding his application to the PTO for reconsideration, the district court has denied him the right to have an Article III court adjudicate his claims. The argument is without merit. The district court has set June 11, 1985 for a status conference and has indicated that it now expects to determine the motions pending before it at that time. Thus, Newman will not be deprived an adjudication of his claims by an Article III court. Any appeal from that court's final decision whenever it occurs, will lie in this court, another Article III court, and the writ is therefore not required in aid of this court's jurisdiction.

■ Newman further urges that the PTO's threat to treat his application as abandoned if he fails to submit models by May 30th will frustrate this court's appellate jurisdiction, citing *Margolis v. Banner*, 599 F.2d 435, 202 USPQ 365 (CCPA 1979).

In *Banner*, our predecessor court issued a writ of mandamus requiring the Commissioner to vacate a ruling of abandonment because the effect of that ruling would have been to preclude an appeal to the PTO's Board of Appeals and ultimately an appeal to the Court of Customs and Patent Appeals.

In the case at bar, however, Newman has pending in district court a § 145 action from which an appeal to this court will lie, whether the PTO does or does not treat his application as abandoned. Thus, the PTO's threat does not require issuance of the writ to aid or preserve our prospective appellate jurisdiction, (or the jurisdiction of the district court). *In re Makari*, 708 F.2d 709, 218 USPQ 193 (Fed.Cir.1983).

■ Newman has not demonstrated that the district court's remand of his application to the PTO constituted a clear abuse of discretion or usurpation of judicial power such as would warrant issuance of the extraordinary remedy requested. That matter can be considered, if appropriate or necessary, on appeal from the district court to this court.

Accordingly, it is ORDERED:

(1) Petitioner's request for oral argument is denied.

(2) The petition for mandamus is denied.

(3) The petition for hearing of the petition *in banc* is denied, no active judge of this court having asked for a vote whether that petition should be considered *in banc*.