**In re Stephen M. REUNING, Petitioner.**

**No. MISC 739.**

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 1, 2003.

Before RADER, GAJARSA, and LINN, Circuit Judges.

### ORDER

RADER, Circuit Judge.

Stephen M. Reuning petitions for a writ of mandamus to (1) direct the Director of the United States Patent and Trademark Office to forward his appeal of the examiner's actions to the Board of Patent Appeals and Interferences or mandate that the Director issue a notice of allowance or (2) have this court adjudicate the substantive merits of his application.

Reuning states that he filed a notice of appeal to the Board and an appeal brief in November 2002. After several months had passed, he emailed the examiner to ask if the brief had been forwarded to the Board. The examiner replied that the office had the notice of appeal, but had "not yet received the brief." Reuning then sent a copy of the brief to the examiner by facsimile. One month later, he petitioned the Director to forward the case to the Board without delay. The Director dismissed the petition as moot stating that a "review of the file jacket shows the appeal brief was not properly processed upon filing. The Office regrets any inconvenience this may have caused applicant. The application is being forwarded to the examiner of record for consideration of applicant's appeal brief."

The traditional use of the writ of mandamus in aid of appellate jurisdiction, 28 U.S.C. § 1651(a), has been to confine a

trial tribunal to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). Mandamus is "strong medicine" to be reserved for the most serious and critical of ills. *In re Cordis,* 769 F.2d 733, 737 (Fed.Cir.1985).

Even assuming that we have mandamus jurisdiction over this matter,* we decline to grant Reuning's petition. The misplaced or lost brief was, of course, unfortunate, and Reuning is understandably anxious to have his case before the Board. However, Reuning's action itself may have served to delay the administrative process. When Reuning, one month after faxing his brief to the examiner, filed a petition with the Director, the file presumably would have been transferred from the examiner to the Director. A writ of mandamus will issue only in extraordinary circumstances to remedy the most serious and critical of ills. Reuning has not shown that such circumstances are present here.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for writ of mandamus is denied.

(2) Any appeal filed by Reuning is dismissed.

---

* *See In re Makari,* 708 F.2d 709 (Fed.Cir.1983).