**In re W. Roy KNOWLES, M.D., Petitioner.**

**No. MISC 738.**

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 1, 2003.

ON PETITION FOR WRIT OF MANDAMUS

Before RADER, GAJARSA, and LINN, Circuit Judges.

*ORDER*

RADER, Circuit Judge.

W. Roy Knowles, M.D. petitions for a writ of mandamus to (1) direct the Director of the United States Patent and Trademark Office to forward his appeal of the examiner's actions to the Board of Patent Appeals and Interferences or mandate that the Director issue a notice of allowance or (2) have this court adjudicate the substantive merits of his application.

Knowles states that the examiner has issued six office actions, but refuses to "allow the Board of Patent Appeals & Interferences to review her work." Knowles petitioned the Director to have his application forwarded to the Board. In a well-explained decision, the Director informed Knowles of the steps that he must take in order to ready his application for Board review. Knowles was informed that he had to reply to the last office action by either filing an amendment or filing an appeal brief that responded to that office action or stated that he was of the opinion that all issues which should be considered by the Board had been fully developed. We note that Knowles, just days before filing this petition, did file such an appeal brief.

The traditional use of the writ of mandamus in aid of appellate jurisdiction, 28 U.S.C. § 1651(a), has been to confine a trial tribunal to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so. *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). A party who seeks a writ bears the burden of proving that it has no other

means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Even assuming that we have mandamus jurisdiction over this matter,\* we decline to grant Knowles' petition. Knowles' complaints of impropriety are without basis. The Director informed Knowles of the steps he must take to obtain Board review and, indeed, he has taken a first step. Further, Knowles' request to have this court review the merits of his application is wholly inappropriate. Knowles' petition fails to meet either prong of the test for mandamus, i.e., he fails to show that his right to a writ is clear and indisputable and he fails to show that he has no other means to attain the relief desired.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for writ of mandamus is denied.

(2) Any appeal filed by Knowles is dismissed.

---

\* *See In re Makari,* 708 F.2d 709 (Fed.Cir.1983).