NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7084

RAYMOND JACKSON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: July 11, 2005

_____

Before MAYER, RADER, and PROST, Circuit Judges.

PER CURIAM.

Raymond Jackson ("Jackson") appeals the order of the United States Court of Appeals for Veteran's Claims ("Veterans Court"), which dismissed-in-part and denied-in-part Jackson's May 10, 2004, petition for extraordinary relief in the nature of a writ of mandamus. Jackson v. Principi, No. 04-763 (Vet. App. Aug. 25, 2004). We affirm.

"Writs of mandamus are to be used only in extraordinary circumstances and when no meaningful alternatives are available." In re Newman, 763 F.2d 407, 409-10 (Fed. Cir. 1985) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)). To obtain mandamus, Jackson must show: (1) that he has a clear and indisputable right to

the writ; and (2) that he has no alternative way to obtain the relief sought. Lamb v. Principi, 284 F.3d 1378, 1382 (Fed. Cir. 2002) (internal quotations omitted).

Jackson sought to compel the Secretary of Veterans Affairs ("VA") to: (1) refund his readjustment pay that was recouped by VA; and (2) award service connection for defective distance vision. The board denied Jackson's recoupment claim on December 11, 2000. Because he did not appeal that decision until May 10, 2004, the Veterans Court properly dismissed his appeal for lack of jurisdiction. Consequently, the Veterans Court correctly found that it also lacked jurisdiction to issue a writ of mandamus with respect to that claim.

Jackson's second contention, that the VA regional office's ("RO's") delay in adjudicating his defective vision claim warrants mandamus, also fails. In September 2003 the VA increased his disability rating for service-related glaucoma with defective vision from 50% disabling to 70% disabling. In March 2004 the board remanded his claim to the RO for further adjudication; two months later, Jackson petitioned the Veterans Court for mandamus. While frustrating, this delay is not so extraordinary that issuance of a writ of mandamus is warranted. See Lamb, 284 F.3d at 1383 (finding that a fifteen-month delay in adjudicating a claim did not constitute an extraordinary delay warranting mandamus). Jackson's defective vision claim is purely factual, raises no cognizable constitutional issue, and, therefore, is not appropriate for disposition by this court. See 38 U.S.C. § 7292(d)(2) (2000); Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Jackson cannot circumvent the VA's administrative appellate process by requesting Veterans Court review before the VA completes its adjudication process. See Lamb, 284 F.3d at 1384 ("[E]xtraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay.") (internal quotations omitted).

05-7084                                    2