In re GERDES GMBH OF KERPEN-SINDORF, Germany, Gerdes GMBH of Schortens, Germany, Gerdes Bvba, Theodor Gerdes, Ralf Gerdes, and Monika Gerdes, Petitioners.

Misc. No. 800.

United States Court of Appeals, Federal Circuit.

Dec. 1, 2005.

Before MAYER, LOURIE, and LINN, Circuit Judges.

## ORDER

LOURIE, Circuit Judge.

Gerdes GmbH of Kerpensindorf, Germany et al. (Gerdes) petitions for a writ of mandamus to direct the International Trade Commission to resume and complete an investigation. Stant Manufacturing, Inc. and the International Trade Commission oppose. In the alternative, Gerdes moves to treat its submission as a notice of appeal. Stant Manufacturing moves for leave to intervene if the case is treated as a notice of appeal.

Stant Manufacturing filed a section 337 complaint against Gerdes in the International Trade Commission. Stant thereafter moved to terminate the investigation based on a withdrawal of its complaint. Gerdes opposed. The Administrative Law Judge (ALJ) granted the motion and terminated the investigation. Gerdes petitioned the ITC for review of the termination. The ITC issued a determination not to review the ALJ's initial determination. Gerdes filed a document that the court treated as either an appeal or a petition for a writ of mandamus.

We directed the parties to address whether we would have jurisdiction over an appeal or a mandamus petition in this matter. We consider the jurisdictional issue first.

This court has jurisdiction to review, on appeal, only a final determination of the ITC. 19 U.S.C. § 1337(c). In *Block v. United States Int'l Trade Comm.*, 777 F.2d 1568 (Fed.Cir.1985), we held that we were without appellate jurisdiction over an appeal in which the ITC did not decide on the merits whether or not to exclude articles from entry because such a decision was not a final determination. *Block*, 777 F.2d at 1571. In *Block*, the ITC terminated the investigation because of the amendment of all original claims of the patent.

In *Farrel Corporation v. United States Int'l Trade Comm.,* 949 F.2d 1147, 1151 n. 4 (Fed.Cir.1992), the ITC terminated an investigation and compelled arbitration.* We held that we had jurisdiction over the ITC decision, although it did not reach the merits of whether or not to exclude articles from entry, because unlike the termination without prejudice in *Block,* the ITC's termination was with prejudice to request a second investigation. Thus, we treated it as a final determination.

■ Here, Gerdes does not convincingly argue that the ITC's determination was with prejudice and thus Gerdes may not appeal the ITC's decision because it was not a final determination. However, when the order challenged is one that arguably frustrates the appellate jurisdiction of the court, mandamus jurisdiction may be available. *In re Makari,* 708 F.2d 709, 711 (Fed.Cir.1983); *In re Innotron Diagnostics,* 800 F.2d 1077, 1081–82(Fed.Cir.1986). Here, Gerdes argues that the ITC was required, by 19 U.S.C. § 1337(c), to issue a final determination. By not issuing the final determination, it is argued, the ITC frustrated appellate jurisdiction. However, we need not conclusively decide this issue because Gerdes has not shown entitlement to a writ in any event.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S.

296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

■ Gerdes argues that mandamus is appropriate because the statute requires the ITC to issue a final determination and does not allow the ITC to terminate an investigation because a complaint is withdrawn. Gerdes did not raise this objection when it petitioned the ITC for review of the ALJ's initial determination. Thus, that argument is deemed waived. *Checkpoint Sys. v. U.S. Int'l Trade Comm.,* 54 F.3d 756, 760 (Fed.Cir.1995) ("This court will not review an issue that has not been properly raised before the ITC in a petition for review of an Initial Determination."). In sum, Gerdes has not shown clear and indisputable entitlement to mandamus relief.

Accordingly,

IT IS ORDERED THAT:

(1) Gerdes's petition for a writ of mandamus is denied.

(2) Gerdes's request to treat the mandamus as a notice of appeal is denied.

(3) Stant's motion is moot.

---

* The ITC and Stant argue that *Farrel* was overruled by statute. Although one holding of *Farrel* was overruled when Congress added arbitration as another ground for dismissal of an ITC complaint pursuant to 19 U.S.C. § 1337(c), *see San Huan New Materials High Tech, Inc. v. Int'l Trade Comm.,* 161 F.3d 1347, 1357 (Fed.Cir.1998) ("we note that *Farrel* was overruled by statute"), it does not appear that other holdings in *Farrel* were necessarily overruled. The parties have not indicated a statutory change to our jurisdiction, the issue for which we cite *Farrel* and *Block* in this order.