Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7070

STEPHANIE MICHAEL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Stephanie Michael, of Houston, Texas, pro se.

Joan M. Stentiford, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, and Deborah A. Bynum, Assistant Director.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2007-7070

STEPHANIE MICHAEL,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  May 9, 2007
_____

Before LOURIE, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Stephanie Michael appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") denying her petition for extraordinary relief in the nature of a writ of mandamus.  <u>Michael v. Nicholson</u>, No. 06-1335 (Vet. App. July 25, 2006).  Because the Veterans Court correctly denied Michael's petition for extraordinary relief, we <u>affirm</u>.

## BACKGROUND

In November 2004, Michael received a fifty percent schedular rating for anxiety disorder, with an effective date of August 21, 2003.  In June 2005, a decision review officer ("DRO") decision granted Michael a seventy percent schedular rating for anxiety disorder, along with entitlement to a total disability rating based on individual

unemployability ("TDIU"), effective August 21, 2003. That same month, the Regional Office awarded Michael retroactive monetary compensation in the amount of $32,406.00 in satisfaction of the retroactive award of TDIU.

In December 2005, a DRO decision found that clear and unmistakable error ("CUE") existed in both the November 2004 and June 2005 decisions, and granted an earlier effective date of May 19, 1993, for an award of service connection for anxiety disorder. That DRO decision, however, assigned a noncompensable rating for the period from May 15, 1993 though August 20, 2003. In March 2006, Michael was provided with a supplemental statement of the case ("SSOC") regarding her claim for an earlier effective date for a compensable evaluation of service-connected anxiety disorder. The SSOC indicated that after sixty days, and absent submission of additional evidence, her appeal would be submitted to the Board. The December 2005 DRO decision did not assign separate ten percent ratings for each ear for her service-connected tinnitus. In June 2006, Michael was provided a SSOC regarding her claim for separate compensable evaluations for tinnitus in each ear.

On May 5, 2006, Michael filed a petition to the Veterans Court for extraordinary relief in the nature of a writ of mandamus to order the VA to award her benefits for her anxiety disorder retroactive to May 15, 1993 and for benefits for bilateral tinnitus in each ear. On July 25, 2006, the Veterans Court issued an order denying Michael's petition. The Veterans Court observed that a writ of mandamus is a drastic measure that should be invoked only in extraordinary situations. The Veterans Court held that an extraordinary situation did not exist and that Michael did not assert any facts suggesting that the Secretary had taken an unreasonable length of time to process her tinnitus

claim.  On the contrary, the Veterans Court noted that development of her claim has been continuous. The Veterans Court further held that the evidence demonstrated that Michael was assigned a noncompensable rating from May 15, 1993, through August 20, 2003, and hence that she was not entitled to any retroactive monetary compensation for that period.  In addition, the court observed that she had been paid all the compensation that she was due.  Accordingly, the Veterans Court concluded that Michael failed to establish that the court should issue a writ to "avoid the kind of injury for which extraordinary relief is designed" and that Michael had failed to show either a clear and indisputable right to the writ or that she had exhausted her administrative remedies.

Michael timely appealed, and we have jurisdiction pursuant to 38 U.S.C. § 7292(a).

DISCUSSION

The scope of our review of a Veterans Court's decision is limited by statute. 38 U.S.C. § 7292.  Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  38 U.S.C. 7292(a).  We review interpretation of regulations by the Veterans Court <u>de novo</u> and may set aside any regulation or interpretation of a regulation that we find to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to a constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observation of a procedure required by law. 38 U.S.C. 7292(d)(1); <u>Wanner</u>, 370 F.3d at 1128.

The only issue before this court is whether the Veterans Court erred in denying Michael's petition for extraordinary relief in the form of a writ of mandamus. We have jurisdiction to review the Veterans Court's denial of a petition for extraordinary relief in the nature of a writ of mandamus. See Lamb v. Principi, 284 F.3d 1378, 1382 (Fed. Cir. 2002).

On appeal, Michael argues that the DRO decision that awarded her a noncompensable rating retroactively was in error and should be corrected through a writ of mandamus. Michael further asserts that the Veterans Court failed to consider the facts of record and additionally failed to consider the merits of her bilateral tinnitus claim. Michael asks that this court apply the applicable law to the facts of record. Michael finally contends that the Houston Regional Office refused to timely process Veteran Form 9, which is a request for an appeal on the merits to the Board of Veterans' Appeals ("Board") and that she has still not obtained a docket number for that appeal.

The government responds that the Veterans Court correctly applied the All Writs Act, 28 U.S.C. § 1651(c), to conclude that Michael had not established that she was entitled to a writ of mandamus. The government points out that this court does not have jurisdiction to review a challenge to a factual determination or application of law to the facts. According to the government, Michael failed to establish that she had a clear and indisputable right to the writ or that she had no alternative means of obtaining the relief she sought. Moreover, the government responds that there was no unreasonable delay in this case because both Statements of the Case set forth the procedures and

deadlines for filing an appeal to the Board, and Michael may attempt to secure the relief she requested by pursuing those administrative remedies.

We agree with the government that the Veterans Court properly denied Michael's writ of mandamus. We have stated that the "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." In re Newman, 763 F.2d 407, 409-10 (Fed. Cir. 1985). To obtain mandamus, the petitioner must show (1) that she has a clear and indisputable right to the writ and (2) that she has no alternative way to obtain the relief sought. Lamb, 284 F.3d at 1382 (internal citation omitted).

The Veterans Court determined that Michael does not have a clear and indisputable right to a writ because her case is still being finally adjudicated and has not been unnecessarily or unreasonably delayed. There is no error in that determination. Although Michael has already been found to be entitled to compensation, her claim for additional compensation was found to be without merit. The December 2005 DRO decision found CUE and granted an earlier effective date, but with a noncompensable disability rating. Thus, Michael has not shown a clear and indisputable right to a writ awarding her retroactive compensation. Moreover, although the December 2005 decision did not result in entitlement to any additional compensation beyond what was previously awarded in June 2005 and already paid to Michael, her case is still in adjudication. Thus, she has an alternative way to seek the relief she wants.

In addition, the Veterans Court determined that the Secretary has not unreasonably delayed the processing of Michael's appeal to the Board. In the Response to the Petition to the Veterans Court, the Secretary stated that Michael's appeal on the merits continues, "and as of May 2006 (sixty days following the March

2006 SSOC which proceeded [sic, followed?] the December 2005 DRO decision), Petitioner's claim for an earlier compensable effective date for anxiety disorder was ready for consideration by the Board." The Secretary further stated that Michael's appeal for separate ratings for service-connected bilateral tinnitus "has been adjudicated in a timely manner by the regional office." The Secretary acknowledged that given the demand and resources of the Secretary, there will be inevitable delay associated with developing claims, but that does not necessarily amount to unnecessary delay and that Michael's claim was "moving steadily through the administrative process." The Veterans Court found, and we see no reason to disturb that finding, that there are no asserted facts demonstrating that the Secretary has taken an unreasonable length of time to process Michael's claim.

With regard to Michael's assertion that we should consider the facts and merits of her claim, including her bilateral tinnitus clam, we do not have jurisdiction to consider the facts of her claim. Under 38 U.S.C. § 7292(d)(2), this court may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. Accordingly, we cannot consider the merits of her compensable rating claim or the bilateral tinnitus claim. Because the Veterans Court correctly denied Michael's petition for a writ of mandamus, we <u>affirm</u>.