**In re Leo STOLLER, Petitioner.**

**Misc. No. 887.**

United States Court of Appeals,
Federal Circuit.

Dec. 2, 2008.

Before MICHEL, Chief Judge, RADER and PROST, Circuit Judges.

ON PETITION FOR WRIT
OF MANDAMUS

PER CURIAM.

*ORDER*

Leo Stoller petitions for a writ of mandamus directing the United States Patent and Trademark Office (PTO) to reopen the investigation of an attorney disciplinary complaint and moves for leave to proceed in forma pauperis.

Stoller filed a complaint with the PTO's Office of Enrollment and Discipline (OED) alleging that an attorney engaged in a scheme involving dishonesty, fraud, deceit, or misrepresentation in the procurement of, or attempt to procure, Federal Trademark Registrations and in the selling and assignment of invalid and unenforceable trademarks to third parties. On August 4, 2008, OED notified Stoller that it concluded that there was insufficient evidence to support a conclusion that the attorney violated any PTO disciplinary rules and thus OED would close the file without further action. Stoller sought review of OED's decision by the PTO's General Counsel. On September 24, 2008, the General Counsel notified Stoller that it would not review his request because a decision to dismiss a complaint is not subject to review pursuant to 37 C.F.R. § 11.2(d).

This court may issue "all writs necessary or appropriate in aid of" its jurisdiction. 28 U.S.C. § 1651. This court does not have general jurisdiction to review all PTO decisions. Instead, the court has jurisdiction to review PTO decisions only to the extent that they are final decisions of the Board of Patent Appeals and Interferences with respect to patent applications and interferences or final decisions of the Under Secretary of Commerce for Intellectual Property and Director of the PTO or the Trademark Trial and Appeal Board with respect to applications for registration of marks. *See* 28 U.S.C. § 1295(a)(4). Because the orders of which Stoller seeks review do not fall within any of those categories, any writ granted by the court could not be in aid of this court's jurisdiction. Therefore, Stoller has not shown that this court has jurisdiction to entertain the writ. *Cf. In re Makari,* 708 F.2d 709, 711–12 (Fed.Cir.1983) (dismissing for lack of jurisdiction mandamus petition seeking review of decision of PTO Commissioner).

In addition, the form submitted in support of Stoller's in forma pauperis motion is incomplete. The form is missing the second, fourth, and fifth pages, where details about income, employment, and expenses are required to be recorded. Further, Stoller did not answer question 5, concerning how much cash he and his spouse have. Because Stoller has failed to provide the required information, the motion is denied.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is dismissed.

(2) The motion for leave to proceed in forma pauperis is denied.