NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEE P. WALKER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7130

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 11-0610, Judge Lawrence B. Hagel.

---

Decided:   October 13, 2011

---

LEE P. WALKER, of Capitol Heights, Maryland, pro se.

SHELLEY D. WEGER, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.  Of counsel on the brief was

DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

—————————————

Before NEWMAN, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Lee P. Walker appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *See Walker v. Shinseki*, No. 11-0610, 2011 U.S. App. Vet. Claims LEXIS 534 (Vet. App. Mar. 16, 2011) ("*Veterans Court Decision*"). We *affirm*.

I.

Walker served on active duty in the United States Army from September 1960 to September 1962. In 1993, he submitted a claim seeking service-connected benefits for hearing loss, but that claim was denied. In 2004, the Board of Veterans' Appeals ("board") denied Walker's request to reopen his claim, but in 2006, the Veterans Court, acting pursuant to a joint motion of the parties, remanded Walker's claim to the board for readjudication. On remand, the board again denied Walker's claim, concluding that his left ear hearing loss was not medically related to his military service.

Walker then appealed to the Veterans Court, arguing that the Department of Veterans Affairs ("VA") had violated its duty, under 38 U.S.C. § 5103A, to assist him when it failed to obtain his medical treatment records. Specifically, Walker alleged that the VA had "never responded" to his requests to obtain medical records related to the treatment he received for hearing loss at

the Fort Hamilton military hospital in 1962.    The Secretary filed a brief response, acknowledging that the VA had failed to request, or otherwise account for, Walker's treatment records from the Fort Hamilton military hospital.  The Secretary further stated that "inasmuch as the record does not reflect that VA made any effort to assist [Walker] in obtaining records relevant to his claim, a remand is necessary to allow further development in accord with VA's assistance obligations."  The Veterans Court thereafter vacated the board's decision and remanded Walker's claim "for further development in accord with the duty to assist."

Walker then appealed to this court, but, in November 2010, his appeal was dismissed after he filed a motion to withdraw his appeal.  In February 2011, the board remanded Walker's claim to a VA regional office ("RO"). The board's remand order directed the RO to: (1) request Walker's medical records relating to treatment for hearing loss at the Fort Hamilton military hospital from 1962 to the present; (2) notify Walker if such records could not be located; and (3) readjudicate Walker's claim seeking service-connected benefits for hearing loss.  Soon thereafter, Walker filed a petition for extraordinary relief in the nature of a writ of mandamus with the Veterans Court, arguing that the remand to obtain records from the Fort Hamilton military hospital was "another delay[] tactic by the [board] and a waste of time."

The Veterans Court denied Walker's petition for a writ of mandamus, concluding that the board had properly remanded his claim to the RO in order to comply with the court's order requiring the VA to attempt to obtain Walker's medical treatment records.  Walker then timely appealed to this court.

## II.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402 (1976). The writ should not be issued unless: (1) the petitioner has no other adequate means to attain the relief he desires; (2) the petitioner can demonstrate a clear and indisputable right to the issuance of the writ; and (3) the court is convinced that the circumstances warrant issuance of the writ. *Cheney v. U.S. Dist. Court,* 542 U.S. 367, 380-81 (2004).

As the Veterans Court correctly concluded, issuance of a writ of mandamus was not appropriate here given that "the administrative appellate process provides Mr. Walker with an adequate alternative means to the relief he has requested." *Veterans Court Decision*, 2011 U.S. App. Vet. Claims LEXIS 534, at *6. Walker seeks to obtain service-connected benefits for hearing loss in his left ear, and he will have an adequate opportunity to present his claim to the RO after the VA attempts to locate his relevant medical records. If the RO issues a decision adverse to Walker, he retains the right to appeal to the board, the Veterans Court, and this court. *See* 38 U.S.C. §§ 7105, 7252, 7266, 7292. Because a writ of mandamus is "one of the most potent weapons in the judicial arsenal," *Cheney,* 542 U.S. at 380 (citations and internal quotation marks omitted), it is to be used only "when no meaningful alternatives are available," *In re Newman*, 763 F.2d 407, 410 (Fed. Cir. 1985).

Walker asserts that remanding his claim to the RO for purposes of obtaining his medical treatment records will unnecessarily delay the resolution of his claim. It is well-established, however, "that the extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay . . . ." *Bankers Life &*

*Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (citations omitted); *U.S. Alkali Export Ass'n v. United States,* 325 U.S. 196, 202-03 (1945). Initial determinations on factual questions—such as whether a particular disorder was incurred or aggravated in service—are generally made by the RO rather than the board. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002). Here, the remand will allow the RO to attempt to obtain Walker's relevant medical records and to make an informed determination as to whether his hearing loss was incurred in service.

Walker also contends that the board erred by failing to address whether or not his medical treatment records from the Fort Hamilton military hospital had been located. The board's remand order, however, specifically requires the RO to request those records and to notify Walker if such records cannot be located.

We likewise reject Walker's argument that any attempt to locate his medical treatment records would be futile because the VA has already notified him that those records are unavailable. In 2003, Walker received a letter from the VA stating that it had no record that Walker had visited the audiology department at a VA medical center in Washington, D.C., in 1978. This letter does not, however, indicate that the VA has been unable to locate Walker's treatment records from the Fort Hamilton military hospital. To the contrary, the VA has acknowledged that "there appear[] to be outstanding medical records identified by [Walker] regarding treatment for left ear hearing loss shortly after his discharge at Fort Hamilton military hospital in Brooklyn, New York, that have neither been requested nor accounted for by VA."

The bulk of Walker's remaining arguments pertain to the merits of his claim, which is pending on remand. These arguments do not address issues decided by the

Veterans Court in its March 16, 2011 decision denying Walker's petition for a writ of mandamus and thus are not properly before this court. For the foregoing reasons, and because we find that Walker's remaining arguments are not persuasive, we affirm.